**TAULAGA M. MASANIAI, Appellant**

**v.**

**PATEA SIAFONO, Appellee**

High Court of American Samoa
Appellate Division

AP No. 19-89

November 2, 1990

Before REES, Associate Justice, FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, and LOGOAI, Associate Judge.

---

\* Honorable Harold M. Fong, Senior Judge, United States Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

\*\* Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Fai'ivae A. Galea'i
For Appellee, Asaua Fuimaono


Per REES, J.:

The trial court judgment in this case was entered on August 25, 1989. Judgment was for defendant/appellee Patea. Plaintiff/appellant Taulaga did not move for reconsideration or new trial, but filed a notice of appeal on September 6, 1989.

The territorial statute governing appeals from High Court decisions provides that "[b]efore filing a notice of appeal, a motion for a new trial shall be filed within 10 days after the announcement of the judgment or sentence." A.S.C.A. § 43.0802(a). The requirement of a motion for new trial or reconsideration of judgment is jurisdictional. *See, e.g., Fai'ivae v. Aumavae*, AP 2-76 (decided December 9, 1977); *Government of American Samoa v. King*, AP No. 19-1970; *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172 (1987). The motion for new trial must set forth "with particularity" the grounds on which the trial court decision should be reversed. Trial Court Rules of Civil Procedure, Rule 7(b)(1). The purpose of this requirement is to avoid unnecessary appeals by giving the trial court itself a chance to correct any errors it may have made. *See King, supra*, slip opinion at 3.

If no timely motion for reconsideration or new trial conforming to the "particularity" requirement of Rule 7(b)(1) is filed within the statutory ten-day deadline, then "the Appellate Division . . . has no jurisdiction to entertain an appeal in such a case --- regardless of any arguments, equitable or otherwise, to the contrary." *Judicial Memorandum, supra*, 4 A.S.R.2d at 174 (citing *Fai'ivae, supra*). No such motion was filed in the present case. We therefore have no jurisdiction to hear the appeal.

We note also the provision of A.S.C.A. § 43.0802(b) that "[a] notice of appeal shall be filed within 10 days after the denial of a motion for a new trial." This requirement has also been held to be jurisdictional. *Taufua v. Steffany*, AP No. 2-77 (decided April 5, 1977); *see* Appellate Court Rule 26(b). As previously noted, no motion for a new trial or for reconsideration or amendment of judgment was filed in the present case. September 4, 1989, the tenth day after the entry of judgment, was a legal holiday. September 5, the eleventh day, was not a holiday. The notice of appeal was therefore due on September 5. *See*

Appellate Court Rule 26(a). Instead, it was filed on September 6. Even if we could somehow dispense with the requirement of a motion for reconsideration and instead count the time in which to appeal from the date of judgment, and even though the appeal would then have been filed only one day late, this late filing would still deprive us of jurisdiction.

Appellants have also violated several non-jurisdictional rules of appellate procedure, including the requirements that an estimate of the cost of a transcript be ordered within five days of the notice of appeal, that the transcript itself be ordered within ten days of receipt of the court reporter's estimate, and that appellant's brief be filed within forty days of the filing of the record. *See* Appellate Court Rules 3, 10, and 31. Any of these procedural defects might have resulted in dismissal of the appeal. In the case of such non-jurisdictional defects, however, the appellate court has discretion, in the interest of justice, to impose some lesser sanction than dismissal. *See Alaimalo v. Sivia*, 17 A.S.R.2d 25 (1990); *Opapo v. Puailoa*, 17 A.S.R.2d 30 (1990). As the mandatory provisions of A.S.C.A. § 43.0802 leave us no choice but to dismiss the present appeal for lack of jurisdiction, we need not reach the question of what to do about the various non-jurisdictional defects.

Even if we were to reach the merits of this appeal, we would be constrained to uphold the trial court's judgment. This is the second attempt by Taulaga to relitigate a 1966 High Court decision holding that the land in question belongs to Patea. *See Patea v. Taulaga*, 4 A.S.R. 337 (1966); *Taulaga v. Patea*, 4 A.S.R.2d 186 (1987); *Taulaga v. Patea*, 12 A.S.R.2d 6 (1989). As was explained by the trial court in 1987 and again in 1989, the 1966 decision was *res judicata*, binding on the parties and on the Court.

Appellant contends that the 1966 case does not bind him because he did not assume the Taulaga title until 1984. It is well settled, however, that Samoan communal land belongs to families rather than individuals, and a judgment against the family is binding on the family, regardless of the comings and goings of matai title holders.

Appellant's related contention that the 1966 court erred in trying the case after the death of the Taulaga titleholder who had objected to Patea's offer of registration, and before any new Taulaga had been selected, is likewise without merit. The trial court would have had discretion to continue the trial for a few months pending the selection of a new Taulaga, but the court also had discretion to decide that delay would be unfair to the opposing party. The 1966 court noted that the

interest of the Taulaga family was represented at trial by none other than the very Maresala who eventually became the next Taulaga titleholder. (and who, perhaps even more importantly, is the appellant now before us.) Maresala's formal assumption of the title, however, did not take place until eighteen years after the trial. It would have been most inappropriate to require the Patea family to wait that long for a resolution of their claim.

Finally, appellant has submitted affidavits to the effect that the 1966 court's opinion contains an inaccurate statement of what happened at the trial. These affidavits were not presented to the court below and are therefore not part of the record of the present appeal. Appellant further contends that the Court has denied him due process of law by allowing the destruction of the court reporter's shorthand notes of the 1966 trial at some time during the twenty years between the decision in that case and his first attempt to relitigate it. This contention is also without merit. Had Maresala chosen to order a transcript within a reasonable time after the 1966 trial, either pursuant to an appeal on behalf of the Taulaga family or for any other reason, a transcript would have been prepared. After a few years, neither Maresala nor any one else having ordered a transcript, the shorthand notes were apparently discarded. No one having appealed the 1966 decision, it had become final and binding on all parties, and there was no reason to believe that a transcript would ever be necessary. The Court was under no obligation to keep the shorthand notes around forever.

The appeal is dismissed.